IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL MCCOOK BREWER,<br><br>     Plaintiff,<br><br>  v.<br><br>LOUIS DEJOY, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,<br><br>     Defendant. | Case No. 3:18-cv-00170-TMB |

## ORDER ON MOTION TO COMPEL DISCOVERY [DKT. 49]

The matter comes before the Court on Plaintiff Daniel McCook Brewer's "Motion to Compel Production of Discovery Material (the "Motion").[1] Defendant Louis Dejoy, Postmaster, United States Post Office ("Defendant" or "USPS"), opposes the Motion.[2] Mr. Brewer filed a Reply in support of his Motion.[3] The matter is fully briefed and ready for decision, and the Court finds the matter suitable for disposition without oral argument. For the reasons discussed below, Mr. Brewer's Motion to Compel Discovery at Docket 49 is **DENIED**.

Procedural History

On July 23, 2018, Mr. Brewer filed a Complaint against Defendant alleging violations of the "Civil Rights Act, FMLA, HIPAA, and statutes against lies in

---

[1] Dkt. 49 (Motion).
[2] Dkt. 50 (Opposition).
[3] Dkt. 53 (Reply).

Government documents, fraud, Aiding/Abetting felons, sedition, Dereliction of duty, Discrimination, Moral Repugnance, Malignment."[4] It appears Mr. Brewer was terminated from USPS in November 2013, and he lodged administrative complaints with USPS, the Office of Workers' Compensation Programs ("OWCP"), the Equal Employment Opportunity Commission ("EEOC"), and the Office of Federal Operations ("OFO") for employment discrimination and workers' compensation regarding whether his absence from work qualified under the Family and Medical Leave Act ("FLMA") or whether his injury qualified for workers' compensation.[5] The record indicates that his claims were dismissed by a Final Agency Decision finding of no discrimination.[6]

Upon screening the Complaint under 28 U.S.C. § 1915(e)(2), the Court issued an Order to Show Cause.[7] The Court advised Mr. Brewer that 42 U.S.C. § 2000e, *i.e.* Title VII, is the exclusive remedy for his employment discrimination claims and that his case would be reviewed solely under federal discrimination law.[8] The Court emphasized that a plaintiff generally cannot sue the federal government unless the government has expressly waived sovereign

---

[4] Dkt. 1 at 3 (Complaint); *see also* Dkts. 11 (Order Denying Motion for Appointment of Volunteer Counsel); 43 (Order Denying Joinder).
[5] Dkts. 1-2; 1-3; 1-4; 1-5; 1-6; 1-7; 1-8; 1-9; 1-10 (Exhibits).
[6] Dkt. 1-9 at 1.
[7] Dkt. 7 (Order to Show Cause).
[8] *Id.* at 3.

3:18-cv-00170-TMB, *Brewer v. Brennan, et al.*
Order on Motion to Compel Discovery
Page 2 of 12
Case 3:18-cv-00170-TMB   Document 61   Filed 08/02/21   Page 2 of 12

immunity.[9] Based on Mr. Brewer's list of claims, only his employment discrimination claim could proceed because the relevant statute, 28 U.S.C. § 2000e-16(c), offers an express waiver of sovereign immunity.[10]

Defendant filed an answer on February 19, 2019, and asserted, among other things, that Mr. Brewer failed to state a claim upon which relief can be granted and asked that the Court dismiss the Complaint and enter judgment in its favor.[11]

On February 28, 2019, the Court entered an initial case Scheduling and Planning Order, which was subsequently adjusted multiple times after the Court granted extensions stemming in part from safety and logistical challenges caused by the COVID-19 pandemic.[12] An updated Scheduling and Planning Order was entered on September 25, 2020.[13] The Scheduling and Planning Order stated unequivocally that:

(1) Fact discovery shall be completed on or before January 26, 2021;
(2) Expert witness discovery (including depositions) shall be completed by February 25, 2021; and
(3) Absent good cause, [the] date for completion of all discovery should be no later than February 25, 2021.[14]

---

[9] See id. n.8 & 9; see also United States v. Dalm, 494 U.S. 596, 608 (1990); Chadd v. United States, 794 F.3d 1104, 1108 (9th Cir. 2015).
[10] Dkt. 7 at 3.
[11] Dkt. 13 (Answer).
[12] See Dkts. 14 (Initial Case Scheduling & Planning Order); 16, 22, 25, 29 (Motions for Extension of Time); 18, 30 (Orders Granting Extension).
[13] Dkt. 44 (Updated Scheduling & Planning Order).
[14] Id. at 4–5

3:18-cv-00170-TMB, Brewer v. Brennan, et al.
Order on Motion to Compel Discovery
Page 3 of 12
Case 3:18-cv-00170-TMB   Document 61   Filed 08/02/21   Page 3 of 12

The Court denied without prejudice a subsequent joint request for an extension of time seeking, among other things, to extend the close of discovery until March 5, 2021.[15]

## Motion to Compel Discovery

On March 12, 2021, Mr. Brewer filed a Motion to Compel Discovery.[16] In his Motion, Mr. Brewer asks the Court to compel Defendant to produce all documents and correspondence relating to Mr. Brewer and his case.[17] He contends that his requests for production of discovery materials were timely made, before the February 25, 2021, close of discovery date, and that defense counsel delayed in responding to Mr. Brewer's requests.[18] Mr. Brewer acknowledges that he was told by defense counsel that Defendant "had produced all materials regarding this case" to Mr. Brewer and attaches email correspondence to that effect.[19]

Defendant opposes the Motion to Compel, arguing that: (1) the Motion is untimely, and (2) the Motion is unnecessary because Defendant already produced everything in its possession.[20] First, Defendant notes that although Mr. Brewer's discovery request was not received until February 19, 2021—after the January 26, 2021, close of fact discovery—Defendant nevertheless provided Mr. Brewer with

---

[15] Dkt. 48 (Order Denying Extension) ("The parties provide no explanation or justification for the requested delay and have not made a showing of good cause.").
[16] Dkt. 49.
[17] *Id.* at 2–5.
[18] *See id.* at 1–4.
[19] *Id.* at 2, 6–9.
[20] Dkt. 50 at 2–3.

3:18-cv-00170-TMB, *Brewer v. Brennan, et al.*
Order on Motion to Compel Discovery
Page 4 of 12
Case 3:18-cv-00170-TMB   Document 61   Filed 08/02/21   Page 4 of 12

a copy of Mr. Brewer's deposition.[21] Additionally, Defendant states it notified Mr. Brewer that "all discoverable materials in Defendant's possession relating to this case, totaling 814 pages, had already been provided to [Mr. Brewer]."[22]

Defendant also argues that even if the Court considered the Motion to be timely filed, Mr. Brewer's "request that the Court compel Defendant to produce 'everything' in Defendant's possession and 'all discovery material' still does not demonstrate any deficiency in the materials produced by Defendant to date."[23] Defendant contends that because it already produced all discovery materials in this case, and Mr. Brewer failed to "'describe with reasonable particularity each item or category of items' he is seeking that has not already been produced," Mr. Brewer's Motion must be denied.[24]

In reply, Mr. Brewer contends that his Motion is timely made because he made it known in his previously-filed documents and in his deposition that he "require[d] all documents [Defendant] has about [Mr. Brewer], to [Mr. Brewer], and whether to [Mr. Brewer] originally or not."[25] Mr. Brewer notes that the Scheduling and Planning Order states the "date for completion of *all* Discovery shall be no later than February 25, 2021," and argues that the Scheduling and Planning Order is confusing and misleading, in part because the Order distinguishes between the

---

[21] *Id.* at 2.
[22] *Id.*
[23] *Id.* at 2–3 (quoting Dkt. 49 at 2).
[24] *Id.* at 3 (alteration omitted) (quoting Fed. R. Civ. P. 34(b)(1)(A)).
[25] Dkt. 53 at 1.

3:18-cv-00170-TMB, *Brewer v. Brennan, et al.*
Order on Motion to Compel Discovery
Page 5 of 12
Case 3:18-cv-00170-TMB   Document 61   Filed 08/02/21   Page 5 of 12

close of *fact discovery* and the close of *all discovery.*[26] Accordingly, Mr. Brewer states he anticipated Defendant "might have some [d]epositions held almost up to that date of Feb[ruary] 25, 2021" and knew he needed to "request all [d]iscovery material if [Defendant] had not yet produced it," including all depositions."[27] Mr. Brewer also argues that defense counsel did not allow him sufficient time to review, ask questions, or provide input regarding the Scheduling and Planning Order.[28]

Mr. Brewer argues he, rather than Defendant, should be allowed to determine "what is an[d] what is not relevant to this case" and "what is and what is not evidence of [d]iscrimination against [Mr. Brewer]."[29] Mr. Brewer argues his request for " all discovery material'" is not deficient.[30] Mr. Brewer specifically states that he requires from Defendant his "TACS"[31] for the period he worked as a "Casual Letter Carrier in Wasilla[.]"[32]

Mr. Brewer attaches various exhibits to his Reply, including (1) "pages from an 8-22-14 investigative file compiled by USPS in the [Equal Employment opportunity Commission ("EEOC")] process"; (2) email correspondence between

---

[26] *Id.* at 2, 4–5 (emphasis in original and added).
[27] *Id.*
[28] *Id.* at 2–3, 5–6.
[29] *Id.* at 3, 10.
[30] *Id.* at 11–12.
[31] TACS appears to stand for "Time and Attendance Collection System," a system used by USPS "to capture the number of workhours employees spend working in various Postal Service operations." *See* United States Postal Service: Office of Inspector General, https://www.uspsoig.gov/document/timecard-administration#:~:text=The%20Postal%20Service%20uses%20the,badge%20reader%20at%20the%20facility (last visited July 30, 2021).
[32] Dkt. 53 at 3–4.

3:18-cv-00170-TMB, *Brewer v. Brennan, et al.*
Order on Motion to Compel Discovery
Page 6 of 12
Case 3:18-cv-00170-TMB   Document 61   Filed 08/02/21   Page 6 of 12

Mr. Brewer and defense counsel; and (3) an EEOC decision from the New York District Office, seemingly including Mr. Brewer in a class action against Defendant.[33]

Statement of Law

Federal Rule of Civil Procedure ("Rule") 26(b)(1) defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Relevant evidence is defined as evidence having "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."[34] "[E]ven if evidence is discoverable and relevant under Rules 34, 33, and 26," "discovery must be 'proportional to the

---

[33] Dkts. 53-1; 53-2; 53-3 (Exhibits).
[34] Fed. R. Evid. 401; *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978); *Basargin v. State Farm Mut. Auto. Ins. Co.*, No. 3:16-cv-00031, 2017 WL 8677339, at *1 (D. Alaska Feb. 21, 2017).

3:18-cv-00170-TMB, *Brewer v. Brennan, et al.*
Order on Motion to Compel Discovery
Page 7 of 12
Case 3:18-cv-00170-TMB   Document 61   Filed 08/02/21   Page 7 of 12

needs of the case.'"[35] Further, although vested with broad discretion to permit or deny discovery,[36] a court must limit discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).[37]

If a party fails to make disclosures or cooperate in discovery, and if after the parties have met and conferred in good faith in an attempt to resolve the dispute, a requesting party may move to compel discovery.[38] Specifically, under Rule 37(a)(3), a party may move to compel discovery if another party "fails to make a disclosure required by Rule 26(a)[.]"[39] The party seeking to compel discovery has the burden to show that the discovery sought is relevant,[40] whereas the party opposing discovery has the burden of showing such discovery is not warranted.[41]

---

[35] *Basargin*, No. 3:16-cv-00031, 2017 WL 8677339, at *1 (quoting Fed. R. Civ. P. 26(b)(1)) (other quotation marks and citations omitted).
[36] *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (internal quotation marks and alterations omitted); *see also Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1047 n.16 (9th Cir. 2016).
[37] Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii) (emphasis added).
[38] Fed. R. Civ. P. 37(a)(1); D. Alaska L. Civ. R. 37.1.
[39] Fed. R. Civ. P. 37(b)(2)(A)(v).
[40] *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995)).
[41] *Id.* (citing *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

3:18-cv-00170-TMB, *Brewer v. Brennan, et al.*
Order on Motion to Compel Discovery
Page 8 of 12
Case 3:18-cv-00170-TMB   Document 61   Filed 08/02/21   Page 8 of 12

Additionally, "[a] party may not unduly delay in moving to compel discovery."[42] "Untimeliness is sufficient ground, standing alone, to deny a discovery motion."[43]

Discussion

After consideration of the record and the Parties' filings, Mr. Brewer's Motion to Compel Discovery is **DENIED**.

The Court first addresses Mr. Brewer's confusion regarding discovery deadlines in the Scheduling and Planning Order. The Court notes that discovery typically has two separate phases: "fact discovery" and "expert discovery." Fact discovery is the initial period during discovery in which the parties "[i]nspect[] [their] opponent's materials or obtain[] or access[] data or information"; fact discovery "is explicitly governed by Federal Rule of Civil Procedure 34."[44] By contrast, expert discovery is the period of time during which the parties exchange information about experts, and specifically refers to "the disclosures, information and depositions referred to in Federal Rule of Civil Procedure 26(a)(2) and (b)(4)."[45]

---

[42] *V5 Tech. v. Switch, Ltd.*, 332 F.R.D. 356, 360 (D. Nev. 2019).
[43] *KST Data, Inc. v. DXC Tech. Co.*, 344 F. Supp. 3d 1132, 1136 n.1 (C.D. Cal. 2018) (citation and internal quotation marks omitted).
[44] *Finjan, LLC v. Qualys Inc.*, No. 18-cv-07229-YGR (TSH), 2020 WL 6581836, at *1 (N.D. Cal. Nov. 10, 2020).
[45] *Id.*

3:18-cv-00170-TMB, *Brewer v. Brennan, et al.*
Order on Motion to Compel Discovery
Page 9 of 12
Case 3:18-cv-00170-TMB   Document 61   Filed 08/02/21   Page 9 of 12

Here, the Scheduling and Planning Order states that: "Fact discovery shall be completed on or before January 26, 2021"; Expert witness discovery . . . shall be completed by February 25, 2021"; and "all discovery should be [completed] no later than February 25, 2021."[46] The Parties do not dispute that Mr. Brewer did not provide Defendant with notice of his present discovery request until after the close of fact discovery and did not file his Motion to Compel with the Court until March 12, 2021.[47] Accordingly, Mr. Brewer's Motion is untimely.

Even though his request is untimely, the Court considers Mr. Brewer's Motion. Defendant represents to the Court that it notified Mr. Brewer that "all discoverable materials in Defendant's possession relating to this case, totaling 814 pages, had already been provided to [Mr. Brewer]."[48] Defendant then provided Mr. Brewer with a copy of his deposition transcript.[49] Although Mr. Brewer contends that Defendant is withholding discovery materials, Mr. Brewer confirms Defendant's account with attached email correspondence.[50] Further, Mr. Brewer does not point to any specific materials that he is entitled to in this action that Defendant has failed to produce.[51] Bare allegations that Defendant is obligated to

---

[46] Dkt. 44 at 4–5
[47] *See* Dkts. 50 at 2; 53 at 2–3; *see also* Dkt. 49. Although Mr. Brewer contends his request was timely because he "made it known in previous[ly] filed documents" and at his deposition that he required "all documents the USPS has" about him and his case, Dkt. 53 at 1, such statements are insufficient to have alerted Defendant to the present dispute.
[48] Dkt. 50 at 2.
[49] *Id.*
[50] *See* Dkt. 49 at 6–8.
[51] *See id.*; *see also* Dkt. 44 at 3–4 (noting in the Scheduling and Planning Order the Court noted "[t]he subjects on which discovery may be needed" include: "a. Whether Defendant

3:18-cv-00170-TMB, *Brewer v. Brennan, et al.*
Order on Motion to Compel Discovery
Page 10 of 12

Case 3:18-cv-00170-TMB   Document 61   Filed 08/02/21   Page 10 of 12

turn over "everything" or "all paperwork, emails, notes, [or] correspondence"[52] about Mr. Brewer and has failed to do so will not suffice to show Defendant has not complied with specific obligations for production under the Rules.

*Pro se* complaints and filings are held to less stringent standards than formal pleadings drafted by lawyers.[53] Nevertheless, *pro se* litigants remain obligated conform their filings to Local and Federal Civil Rules of Procedure.[54] Even liberally construing Mr. Brewer's *pro se* Motion, Mr. Brewer has not carried his burden to show Defendant failed to comply with its discovery obligations.[55] If it turns out that Defendant has, in fact, failed to produce all discovery, Mr. Brewer may make another motion.

---

discriminated against Plaintiff as a result of his disability. b. Whether Plaintiff is disabled within the meaning of applicable laws. c. Whether Defendant has legitimate non-discriminatory reasons for its actions. d. Whether Plaintiff's claims are barred, in whole or in part, because the alleged disclosure, if any, fell within exceptions to the Privacy Act. e. Whether Plaintiff failed to exhaust his administrative remedies. f. Whether Plaintiff's claims are barred by the applicable limitations period. g. The amount of Plaintiff's damages, if any. h. Whether Defendant proximately caused Plaintiff's damages").
[52] *See* Dkt. 49 at 2, 6.
[53] *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642–43 (9th Cir. 2018).
[54] *See* Fed. R. Civ. P. 8; Fed. R. Civ. P. 11; *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, 925 (9th Cir. 2012); D. Alaska L. Civ. R. 1.1(a)(3) Scope and Purpose ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties.").
[55] *See La. Pac. Corp*, 285 F.R.D. at 485; *Soto*, 162 F.R.D. at 610.

3:18-cv-00170-TMB, *Brewer v. Brennan, et al.*
Order on Motion to Compel Discovery
Page 11 of 12
Case 3:18-cv-00170-TMB   Document 61   Filed 08/02/21   Page 11 of 12

Accordingly, Mr. Brewer's Motion to Compel Discovery at Docket 49 is **DENIED**.

**IT IS SO ORDERED.**

DATED at Anchorage, Alaska this 2nd day of August, 2021.

*/s/ Timothy M. Burgess*
Timothy M. Burgess
United States District Judge

3:18-cv-00170-TMB, *Brewer v. Brennan, et al.*
Order on Motion to Compel Discovery
Page 12 of 12
Case 3:18-cv-00170-TMB   Document 61   Filed 08/02/21   Page 12 of 12